OPINION
Defendant-appellant, Mitchell Guy, appeals from a judgment of the Butler County Juvenile Court revoking his probation and committing him to the Department of Youth Services ("DYS").
On April 23, 1996, appellant was adjudicated delinquent after he entered an admission to aggravated burglary, which would have been a felony of the first-degree if committed by an adult. In an entry dated April 30, 1996, the juvenile court referred appellant to an indefinite term of specialized probation, ordered house arrest, and requested a victim impact statement.
On August 9, 1996, a complaint was filed alleging that appellant had violated his probation by failing to cooperate in group sessions and testing positive for marijuana. On August 13, 1996, appellant's assessment was finally completed and he was placed into specialized probation. In addition, appellant signed rules of house arrest on August 13, 1996. On August 20, 1996, a second complaint was filed alleging that appellant violated his probation by failing to comply with the rules of house arrest.
On September 11, 1996 the juvenile court held a hearing regarding the probation violation complaints. Appellant entered an admission to the probation violations and the juvenile court issued a decision revoking his probation. The juvenile court also issued a judgment entry committing appellant to DYS for a minimum term of one year and a maximum term not to exceed appellant's twenty-first birthday. On appeal, appellant raises the following two assignments of error:
Assignment of Error No. 1:
 THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANTS WHEN IT VIOLATED HIS PROBATION.
Assignment of Error No. 2:
 THE TRIAL COURT IMPROPERLY SENTENCED DEFENDANT-APPELLANT TO BE PLACED IN THE CUSTODY OF THE DEPARTMENT OF YOUTH SERVICES.
In his first assignment of error, appellant argues that the juvenile court erred in revoking his probation. Juv.R. 35(B) sets forth the procedural requirements to be followed when a juvenile's probation is revoked. Juv.R. 35(B) requires the court to hold a hearing at which the child is present and informed of the grounds upon which it is proposed that his probation be revoked. In addition, Juv.R. 35(B) states that the child has a right to counsel and probation can only be revoked if there is a finding that the child has violated a condition of probation of which he had, pursuant to Juv.R. 34(C), been notified. Juv.R. 34(C) provides that a child placed on probation shall receive a written statement of the conditions of probation.
Appellant argues that since he was not officially placed on probation until August 13, 1996, the juvenile court erred in finding that appellant's actions prior to August 13th violated his probation. However, even assuming that appellant was not officially placed on probation until August 13, 1996, the second probation violation complaint was filed on August 20, 1996. The complaint alleged and appellant admitted violating his probation by failing to comply with the rules of house arrest that he had signed on August 13, 1996. Therefore, a probation violation occurred during appellant's probationary period and the juvenile court did not err by revoking his probation.
Appellant also argues that his probation was improperly revoked because he was never notified or made aware of the conditions of his probation. Appellant admitted that he violated the house arrest rules that he signed on August 13, 1996. The house arrest rules specifically stated that if appellant failed to abide by the rules, he could be arrested and placed in the juvenile detention center for further proceedings by the court. Therefore, we find that the revocation of appellant's probation was proper since it was based upon a finding that he violated house arrest rules which he had been notified of in writing. See In Re Reynolds (July 18, 1996), Madison App. No. 95-10-034, unreported. Appellant's first assignment of error is accordingly overruled.
In his second assignment of error, appellant asserts that since the juvenile court did not order a suspended commitment to DYS in the original adjudication of delinquency, the juvenile court lacked the authority to commit him to the custody of DYS for his probation violations. Appellant cites several criminal cases in support of his argument. However, in the juvenile context, a juvenile court may properly commit a delinquent minor to DYS for a probation violation even though a suspended commitment was not imposed at the time of the initial disposition. In re: Peggy L. (Dec. 8, 1995), Lucas App. No. L-95-109, unreported; In the Matter Of: Antonio Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613, unreported.
R.C. 2151.355(A) sets forth the dispositional options available to the juvenile court upon an adjudication of delinquency. Unlike the criminal code, R.C. 2151.355(A) makes no provision for suspension of a sentence prior to imposition of probation. See R.C. 2951.02. In fact, R.C. 2151.355(A) authorizes the juvenile court to place a defendant on probation without imposing a sentence of incarceration. Moreover, probation is defined by the juvenile code in terms that indicate that a disposition of probation is subject to modification and, thus, is not final. See R.C. 2151.011(A)(14). Therefore, it is implicit in the juvenile sentencing scheme that a trial court may impose any sentence that it could have originally imposed where a defendant fails to abide by the conditions of the less stringent probation disposition. In the Matter Of: Cordale R. (Jan. 10, 1997), Erie App. No. E-96-019, unreported; In Re: Demetrius Herring (July 10, 1996), Summit App. No. 17553, unreported; In the Matter Of: Antonio Kelly (Nov. 7, 1995), Franklin App. No. 95APF05-613, unreported.
Because appellant was originally adjudicated delinquent based on a first degree felony, he could have been committed to DYS for a minimum period of one year and a maximum period not to exceed his twenty-first birthday pursuant to R.C. 2151.355(A)(5). Therefore, we conclude that the juvenile court did not err in committing appellant to DYS following a finding that he had violated one of his conditions of probation. Appellant's second assignment of error is accordingly overruled.
Judgment affirmed.
YOUNG, P.J., and KOEHLER, J., concur.